**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RACHEL LEE PADGETT,**

    **Petitioner,**

vs.                                   **CASE NO. 4:20-CV-00509-WS-MAF**

**ERICA STRONG,
Warden,**

    **Respondent.**
_____/

## **REPORT AND RECOMMENDATION**

The *pro se* petitioner, Rachel Lee Padgett, a prisoner housed at FCI Tallahassee, filed a habeas petition, pursuant to 28 U.S.C. § 2241, seeking extra time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). ECF No. 1. This Cause comes before the Court upon the "Response to § 2241 Petition," ECF No. 16, and the supplemental response and exhibit filed by Respondent, ECF No. 18. Upon review of the petition and the response, for the reasons stated below, the Undersigned recommends that the Court dismiss the petition as MOOT.

**I.   Relevant Procedural History**

In 2016, Petitioner pled guilty to (Count 1) Conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(c), and (Count 11) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). See S.D. Ga. Case No. 1:15-CR-00107-JRH-BKE-4. The court sentenced her to 240 months in prison for Count 1 and 120 months for Count 11, to be served concurrently. S.D. Ga. Case No. 1:15-CR-00107-JRH-BKE-4, ECF No. 176. On October 26, 2020, Petitioner filed her Section 2241 petition claiming that the Federal Bureau of Prisons (BOP) incorrectly determined she was not eligible for certain extra time credits under the First Step Act. ECF No. 1, p. 3. Petitioner claims that, although she was convicted under § 841(b)(1)(c), no serious bodily injury or death was a factor in her case; therefore, she is eligible to receive First Step Act Time credits. Id. As relief, Petitioner seeks "an order reflecting [her] eligibility to earn extra time credits" under the Act. Id., p. 6.

On February 1, 2021, Respondent filed the response asserting that an "Amended BP-9" response to Petitioner's request for credits toward the computation of her projected release date would be issued and, upon receipt, Respondent would file the exhibit with the Court. ECF No. 16. Initially, Respondent asked the Court to deny the petition without prejudice for Petitioner to renew if she remained dissatisfied with the BOP's calculation once she exhausted her administrative remedies. Id. On February 8, 2021,

Respondent filed a supplement conceding that although Petitioner's BP-9 was initially denied, "Respondent agrees that Petitioner is, in fact, eligible to be considered for FSA time credits." ECF No. 18. This concedes the request of Padgett's petition at page 6. Id. Respondent's counsel also submitted a letter from Defendant Warden Strong confirming the same. ECF No. 18-1.

Plaintiff filed a rebuttal on February 12, 2021, claiming that she never received the amended BP-9 response. ECF No. 19. Plaintiff misstates Respondent's pleading. Id. Respondent did not state that an amended BP-9 was issued but that it was forthcoming. Plaintiff asks the Court to refrain from denying her petition until she receives the response and an updated computation sheet. Id., p. 2.

## II. Discussion

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); accord Maleng v. Cook, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Petitioner clearly met the "in custody" requirement because she was confined when she filed the instant petition.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). However, "an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The Eleventh Circuit explained, "put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)). Therefore, "if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). In fact, "dismissal is required because mootness is jurisdictional." Id. (citation omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Florida Ass'n of Rehab. Facilities, Inc., 225 F.3d at 1217.

Here, in the letter, Respondent concedes that Petitioner is eligible for First Step Act time credits. ECF No. 18-1. The issue of Petitioner's eligibility is no longer a "live" controversy because Petitioner received the remedy she sought – verification that she is eligible for the time credits. Therefore, this case is moot and dismissal is required.

## III. Conclusion and Recommendation

It is respectfully RECOMMENDED that the Court dismiss the § 2241 petition as MOOT and the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on February 16, 2021.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).